UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD DANIELS,
    *Petitioner*,
    v.
UNITED STATES OF AMERICA,
    *Respondent*.

Civil No. 3:17cv1069 (JBA)

April 24, 2020

**RULING DENYING MOTION UNDER § 2255**

Petitioner Richard Daniels moves under 28 U.S.C. § 2255 to set aside the sentence imposed in Criminal No. 3:11cr001(JBA). The Government opposes. For the reasons that follow, Petitioner's motion is denied.

**I. Background**

After rejecting three plea agreements offered by the Government, Petitioner Richard Daniels was convicted by jury trial of one count of conspiracy to distribute and to possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(A), and 846, and one count of conspiracy to maintain a drug-involved premises within 1,000 feet of a housing facility owned by a public housing authority, in violation of 21 U.S.C. §§ 846 and 860. (*See* Judgment, *United States v. Daniels*, No. 3:11cr001(JBA), ECF No. 727 (D. Conn. Mar. 8, 2013); Mem. Supp. Second § 2255 Petition [Doc. # 1] at 3-4.) The third and final plea offer provided to Petitioner by the Government prior to trial estimated a Sentencing Guidelines Range of 108 to 135 months of imprisonment. (*See* Mem. Supp. Second § 2255 Petition at 4; Gov't Opp. [Doc. # 4] at 4.)

Although after trial the Sentencing Guidelines produced a recommended range of 324 to 405 months of imprisonment, Petitioner was sentenced to 228 months of imprisonment, followed by 120 months of supervised release. (Judgment at 1.) Petitioner's conviction and sentence were affirmed on appeal. *United States v. Gilliam*, 582 F. App'x 22 (2d Cir. 2014).

Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence for ineffective assistance of counsel, arguing that his counsel had provided ineffective guidance during the plea bargaining process and had failed to object to the introduction at trial of unfairly prejudicial evidence. (First § 2255 Petition, *Daniels v. United States*, No. 15cv1551(JBA), Doc. No. 1 (D. Conn. Oct. 26, 2015)). Petitioner and the Government reached an agreement in that matter, and the Court granted Petitioner's motion in part based on the filing of a Joint Stipulation for Resentencing. (Stip. for Resentencing, *Daniels v. United States*, No. 15cv1551(JBA), Doc. No. 21 (D. Conn. June 24, 2016.) The Stipulation recognized that at resentencing, the Court "cannot reduce the defendant's statutory mandatory minimum term of imprisonment below 120 months," because the offense of which Petitioner was convicted carries a mandatory minimum sentence of 120 months of imprisonment. (*Id.* at 4.) Petitioner's conviction on Count One also carries a mandatory minimum term of supervised release of five years, and his conviction on Count Two carries a mandatory minimum term of supervised release of ten years. (*See* 21 U.S.C. §§ 841(b)(1)(A), 860*;* Final Presentence Report, *United States v. Daniels*, No. 3:11cr001(JBA), Doc. No. 667 (D. Conn. Dec. 21, 2012.)

Petitioner was subsequently resentenced to 120 months of imprisonment, followed by 60 months of supervised release on Count One and 120 months of supervised release on Count Two, to run concurrently. (Amended Judgment, *United States v. Daniels*, No. 3:11cr001(JBA), Doc. No. 847-1 (D. Conn. June 24, 2016.)

**II.  Discussion**

Petitioner moves again to vacate, set aside, or correct his sentence under § 2255, now claiming ineffective assistance of counsel during the negotiation of the Stipulation for Resentencing. (Mem. Supp. Second § 2255 Petition at 1-2.) Petitioner argues that his counsel provided "constitutionally ineffective" assistance when he "stipulated to certain provisions that were not part of the Government original plea offer." (*Id.* at 2.) According to Petitioner,

his counsel told him at the time of the Stipulation that "it was within the Government's authority to alter the original plea offer," but in fact "the terms of the original plea offer should have been reinstated without any changes to that agreement." (*Id.*) In other words, Petitioner argues that the Government was obligated at resentencing to reinstate the third and final plea offer made prior to trial, which included a Guidelines range calculation of 108 to 135 months. (*Id.* at 4.) Instead, the parties stipulated to a sentencing range of 120 to 135 months. (Stip. for Resentencing at 4.)

The Government argues that Petitioner's claims are barred by procedural default because he failed to raise those claims at trial or on direct appeal, and because he failed to show cause why he is raising these claims for the first time by § 2255 petition. (Gov't Opp. at 9-10.) The Government also argues that Petitioner failed to demonstrate that he suffered any prejudice from the allegedly ineffective assistance of his counsel. (*Id.* at 10.)

To succeed on a § 2255 petition for ineffective assistance of counsel, a petitioner must demonstrate both 1) that his counsel did not provide "reasonably effective assistance," including "indentify[ing] the acts or omissions [which] were outside the wide range of professionally competent assistance," and 2) that the allegedly ineffective acts or omissions had an "effect on the judgment." *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). In other words, to demonstrate entitlement to relief for ineffective assistance of counsel under § 2255, Petitioner must demonstrate both that his counsel provided ineffective assistance *and* that his counsel's ineffective performance was "prejudicial to [his] defense." *Id.* at 692. To demonstrate prejudice as required, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner alleges that his counsel erred in agreeing to and advising him regarding the content of the Stipulation for Resentencing. Specifically, Petitioner argues that his counsel

3

improperly agreed to and told him that the Government had the authority to stipulate to a sentencing range of 120 to 135 months, when in fact the Government should have been bound to the previously-offered sentencing range of 108 to 135 months. (Mem. Supp. Second § 2255 Petition at 4.) Petitioner also argues that his counsel erred by "fail[ing] to object to the 2 point enhancement for possession of a firearm during the course of the conspiracy that was clearly not in the Government's final" pre-trial plea offer. (*Id.*) Thus, to show entitlement to relief under § 2255, Petitioner must demonstrate that there is a reasonable probability that but for these alleged errors, the result of his resentencing would have been different.

But at resentencing, Petitioner received the most favorable sentence possible in light of the statutory mandatory minimums inherent in his counts of conviction. His conviction on Count One carried a mandatory minimum sentence of 10 years of imprisonment and five years of supervised release, and his conviction on Count Two carried a mandatory minimum sentence of ten years of supervised release. At resentencing, the Court imposed precisely those mandatory minimums: 120 months of imprisonment, followed by 60 months of supervised release on Count One, and 120 months of supervised release on Count Two, to run concurrently. The Court had no authority to impose a lesser sentence, and the alleged failures of Petitioner's counsel could not have impacted the Court's authority to impose a sentence below the statutory mandatory minimums. Even had the Stipulation for Resentencing included a range of 108 to 135 months or a more favorable position regarding the firearm enhancement, the Court could not have imposed a shorter term of imprisonment or supervised release than it did at resentencing.

Thus, there is not a "reasonable probability" that the result of Petitioner's resentencing would have been different if not for his counsel's alleged failures. Petitioner has failed to demonstrate that he suffered any prejudice as a result of his counsel's allegedly ineffective assistance, and therefore he is not entitled to relief under § 2255. *See Strickland*, 466 U.S. at 691-92. Because Petitioner cannot demonstrate that he suffered any prejudice as

a result of the alleged deficiencies in his representation, the Court need not determine whether his counsel's assistance was ineffective.

### III. Conclusion

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

                              IT IS SO ORDERED.

                              /s/
                              Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of April 2020.